Ronald B. Goodman (RG6601)
Philip T. Simpson (PS9707)
ROBINSON BROG LEINWAND GREENE
  GENOVESE & GLUCK P.C.
Attorneys for Defendant
1345 Avenue of the Americas
New York, New York 10105-0143
(212) 603-6300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEMOS P. DEMOPOULOS, JACK DRESCH,           :
JOSEPH LAFORGIA, MICHAEL N. ROMITA          :
and STEVEN GOLDMAN, as Trustees and         :     Civil Action No.
Fiduciaries of the LOCAL 553 PENSION,       :     08-CV-5860(VM)
BENEFITS, and DEFERRED COMPENSATION         :     ECF Case
Trust Funds,                                :
                                            :     ANSWER
                          Plaintiffs,       :
          -against-                         :
                                            :
ANCHOR TRANSIT CORP. a/k/a RELIABLE         :
TRANSIT CORP.,                              :
                                            :
                          Defendant.        :
------------------------------------------------------------x

        Defendant Anchor Transit Corp. a/k/a Reliable Transit Corp., by its attorneys Robinson

Brog Leinwand Greene Genovese & Gluck P.C., for its Answer to the Complaint in this action,

states as follows:

        1.      Responding to paragraph 1 of the Complaint, admits that this is an action

brought under ERISA (as defined in the Complaint), and denies the remaining allegations of said

paragraph.

        2.      Admits the allegations of paragraph 2 of the complaint.

        3.      Admits the allegations of paragraph 3 of the complaint.

{00400399.DOC;1}

4.    Responding to paragraph 4 of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations concerning the status of the individual plaintiffs, admits that the Funds (as defined in the Complaint) are "employee benefit plans" as defined in ERISA, and deny knowledge or information sufficient to form a belief as to the remaining allegations of said paragraph.

5.    Responding to paragraph 5 of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations concerning the location of the plaintiffs' offices, admits that plaintiffs conduct business within the City of New York, deny knowledge or information sufficient to form a belief as to the "various collective bargaining agreements" referred to in said paragraph to which defendant is not a party, and deny knowledge or information sufficient to form a belief as to "various amended and restated trust agreements (the 'Trust Agreements')" referred to in said paragraph.

6.    Responding to paragraph 6 of the Complaint, states affirmatively that defendant, whose corporate name is Reliable Transit Corp., is a corporation whose offices are located at 19-01 Steinway Street, Astoria, Queens County, New York, and which conducts business within the State of New York.

7.    Responding to the allegations of paragraph 7 of the Complaint, denies knowledge or information sufficient to form a belief as to the "series of collective bargaining agreements" referred to in said paragraph, and asserts that the Union (as defined in the Complaint) has not provided defendant with a copy of the collective bargaining agreement to which defendant is a party.

8.    Denies the allegations of paragraph 8 of the complaint and refers the Court to the Collective Bargaining Agreement between defendant and the Union for the contents thereof.

9.    Denies the allegations of paragraph 9 of the complaint and refers the Court to the Collective Bargaining Agreement between defendant and the Union for the contents thereof.

10.    Denies the allegations of paragraph 10 of the complaint and refers the Court to the Trust Agreement for the contents thereof.

11.    Denies the allegations of paragraph 11 of the complaint and refers the Court to the Trust Agreement for the contents thereof.

12.    Denies the allegations of paragraph 12 of the complaint.

13.    Denies the allegations of paragraph 13 of the complaint.

14.    Denies the allegations of paragraph 14 of the complaint.

15.    Denies the allegations of paragraph 15 of the complaint.

16.    Denies the allegations of paragraph 16 of the complaint.

17.    Denies the allegations of paragraph 17 of the complaint.

18.    Denies the allegations of paragraph 18 of the complaint.

19.    Denies the allegations of paragraph 19 of the complaint.

20.    Denies the allegations of paragraph 20 of the complaint.

21.    Admits the allegations of paragraph 21 of the complaint.

22.    Denies the allegations of paragraph 22 of the complaint and refers the Court to the letter referred therein for the contents thereof.

23.    Denies the allegations of paragraph 23 of the complaint except admits that defendant has not paid contributions for the months of February through May 2008.

24.    Admits the allegations of paragraph 24 of the complaint.

25.    Denies the allegations of paragraph 25 of the complaint.

26.    Admits the allegations of paragraph 26 of the complaint.

27.    Denies the allegations of paragraph 27 of the complaint.

28.    Denies the allegations of paragraph 28 of the complaint.

29.    Denies the allegations of paragraph 29 of the complaint.

30.    Denies the allegations of paragraph 30 of the complaint.

31.    Denies the allegations of paragraph 31 of the complaint.

32.    Denies the allegations of paragraph 32 of the complaint.

33.    Responding to paragraph 33 of the complaint, repeats the admissions and denials set forth above.

34.     Denies the allegations of paragraph 34 of the complaint.

35.     Denies the allegations of paragraph 35 of the complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the complaint concerning investment income and costs allegedly incurred, and denies the balance of said paragraph.

37.     Denies the allegations of paragraph 37 of the complaint.

38.     Denies the allegations of paragraph 38 of the complaint and asserts that the Trust Agreement and section 502 of ERISA do not provide for twenty percent liquidated damages.

## First Affirmative Defense

39.     For a first affirmative defense, asserts that by accepting defendant's alleged late payments of contributions for the years 2004 through 2007 without prior protest or reservation of rights, plaintiffs have waived their claim to interest in respect of any such late payments.

## Second Affirmative Defense

40.     For a second affirmative defense, asserts that neither ERISA nor the Trust Agreement provide that there shall be liquidated damages in the amount of twenty percent of any late payments.

WHEREFORE defendant prays that plaintiffs take nothing by way of their Amended Complaint, that the Amended Complaint be dismissed, that defendant recover its costs and such

reasonable attorney's and disbursements as may be permitted, and for all such other and further

relief as the Court finds to be just and proper.

Dated: New York, New York
      August 21, 2008

                                        ROBINSON BROG LEINWAND GREENE
                                         GENOVESE & GLUCK P.C.

                                        by: _____
                                              Philip T. Simpson (PS 9707)
                                        Attorneys for Defendant
                                        1345 Avenue of the Americas
                                        New York, New York 10105
                                        (212) 603-6300
                                        pts@robinsonbrog.com

To:    FRIEDMAN & WOLF
       Attorneys for Plaintiffs
       Attn:  William K. Wolf
       1500 Broadway, Suite 2300
       New York, New York 10036
       212.354.4500
       wwolf@friedmanwolf.com

{00400399.DOC;1}